Dear Mr. Hughes:
This office is in receipt of your requests for an opinion of the Attorney General in regard to filling of an Army Reserve officer's position on the Parish School Board in his absence. You initially indicated there was high probability that this newly elected member of the East Feliciana Parish School Board would be called to active duty for an indefinite period of time and you asked the following questions:
 1. Do the provisions of R.S. 42:392 apply to this individual, inasmuch as he did not, "* * * become[s] a member of the reserve * * * while holding public office"?
 2. If this individual does not fall within the application of R.S. 42:392, may he appoint a deputy, pursuant to R.S. 42:393, to serve on the School Board in his absence in view of the provisions of R.S. 17:52C which provide that "Members of the parish school boards shall be elected in accordance with the provisions of the Louisiana Election Code", and the provisions of R.S. 42:5B which prohibit proxy voting at public meetings?
With regard to the initial questions, we note that the pertinent statutory provisions provide as follows:
 R.S. 42:391 — Leave of absence for state and parish officers — The Governor may grant leave of absence to state and parish officers, not to exceed ninety days at any one time, at his discretion.
 R.S. 42:392 — To assist in the prosecution of any war declared by the Congress, the governor shall grant a leave of absence for an indefinite period of time to any public officer who becomes a member of the reserve of the United States Army, Navy, Marines or National Guard, while holding public office.
Inasmuch as this office found in Atty. Gen. Op. 1944-46, p. 796 that a liberal construction should be given wherein R.S. 42:392 mandates the "governor shall grant a leave of absence for an indefinite period of time" for a war declared by Congress for those public officers who "become" a member of the reserve, we would conclude those who have been in the reserve should likewise be granted a leave of absence when called to duty for a war declared by the Congress.
Moreover, we note in Atty. Gen. Op. 90-645 that this office observed that a new school board member was elected, but before he could assume office, his National Guard unit would be activated for service in the Middle East so he would be unable to serve for an indefinite period of time. This office was asked what should the Parish School Board do concerning this vacancy, and it was concluded, "The school board must seat the elected member. The member is entitled to a leave of absence under LSA-R.S. 42:391, 392." Then, it was further stated, "He may be absent from board meetings until he returns from military service or is physically able to serve (eg. In service but located within the district and able to attend meetings.)"
Having found a member of the Parish School Board called to active duty should be granted a leave of absence, this office further declared, "That in the case of a military absence of a member, that member is entitled, under the provisions of R.S. 42:393 to designate a deputy to serve in his place. The deputy must meet all of the qualifications for service on the board."
However, it was further observed therein that the statute is relative to "war declared by Congress", and congress had only authorized forces in the Persian Gulf theater. This office found the action taken by the U.S. Congress in implementation of the U.N. resolutions by authorization of the use of force resulting in the Gulf War is for purposes of R.S.42:392 "the legal equivalent of a declaration of war, entitling public officers who are members of the armed forces reserves to the benefits of that statute."
With regard to having a deputy appointed in light of the provisions of R.S. 17:52C requiring members of a school board are to be elected, we find this must be read with other pertinent statutory provisions, and herein R.S. 42:393 provides for appointment of a deputy for the temporary period of the absence of the elected member.
You now indicate the School Board member referred to in the request has in fact been activated, granted a leave of absence by the Governor, and appointed a deputy pursuant to R.S. 42:392, and you ask the following questions:
 1. Is the elected School Board member entitled to regular compensation and benefits while on active duty?
 2, Is the deputy School Board member entitled to the same compensation and benefits as the elected School Board member?
Pursuant to R.S. 42:394 it is provided, "All officers and employees of the state, parish, city, town, political subdivision, * * *, who are members of the Officers' Reserve Corps of the Army of the United States, the National Guard of the United States, * * *, either as officers or enlisted men, are entitled to leave of absence from their respective duties, without loss of pay, time, annual leave, or efficiency ratings,on all days during which they are ordered to duty with troops * * * forperiods not to exceed fifteen days in any one calendar years. * ** *." However, this office observed in Atty. Gen. Op. 90-668 that the legislature may change the law to provide for military leave longer than 15 days while perpetuating employment status with all benefits of employment. Thus, the elected school board member is entitled to his compensation and benefits for fifiteen days in one calendar year.
Finding in R.S. 32:393 that the deputy appointed for a public officer who has been granted leave of absence is not voting as proxy, but is a member of the board for the duration of the leave who "shall discharge all the duties and functions of the office during the absence of the officer", we would conclude the deputy School Board member is entitled to regular compensation and benefits as the elected School Board member would receive as long as he serves as deputy.
We hope this sufficiently answers your inquiries.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr